1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MARIO A. WILLIAMS.                    No.  2:13-cv-0974-KJM-EFB P
12              Plaintiff,
13        v.                               ORDER
14   CALIFORNIA PRISON INDUSTRY
     AUTHORITY, et al.,
15
              Defendants.
16
17
18       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C.
19   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma
20   pauperis and a motion for injunctive relief.
21   **I.    Request to Proceed In Forma Pauperis**
22       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.
23   Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).
24   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect
25   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.
26   § 1915(b)(1) and (2).
27   /////
28   /////

1

## II.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

1      **III.    Screening Order**

2            The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it

3      must be dismissed with leave to amend for failure to state a claim upon which relief may be

4      granted.

5            In addition to Warden Swarthout, the complaint names Prison Industry Authority ("PIA")

6      employees Tim Hart and Mark Stewart as defendants.  It alleges that defendants were deliberately

7      indifferent to plaintiff's health in violation of the Eighth Amendment by exposing him to state-

8      issued soap that contained "a trace amount of a chemical" known to be toxic.  ECF No. 1 at 5

9      (alleging that defendants recalled the soap in July of 2012).  According to the allegations in the

10     complaint, defendants "willfully turned a blind eye to the dangerous and unreasonable risk of

11     serious harm" to plaintiff's health and safety "by not pulling the contaminated PIA soap" upon

12     discovering it was harmful in 2007.  *Id.* at 6; *see also id.*, Ex. B (plaintiff Mario Williams'

13     declaration, stating that defendant Hart told him in 2007 that the soap had been tested for the

14     presence of a toxic chemical).  Plaintiff attributes "skin rashes, headaches, abdominal pain,

15     blurred vision, abnormal blood counts, loss of weight, and ringing in the ears" to his use of the

16     soap for three and half years.  *Id.* at 5.

17           The Eighth Amendment protects prisoners from inhumane methods of punishment and

18     from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

19     2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

20     only those deprivations denying the minimal civilized measure of life's necessities are

21     sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

22     503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate

23     shelter, food, clothing, sanitation, medical care, and personal safety.  The circumstances, nature,

24     and duration of a deprivation of these necessities must be considered in determining whether a

25     constitutional violation has occurred.  The more basic the need, the shorter the time it can be

26     withheld."  *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations

27     omitted).

28     /////

1    Negligence does not amount to a violation of a federal constitutional or statutory right.

2    *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable

3    under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to

4    inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of

5    mind more blameworthy than negligence.").

6    To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

7    plaintiff must establish that he had a serious medical need and that the defendant's response to

8    that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

9    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

10   treat the condition could result in further significant injury or the unnecessary and wanton

11   infliction of pain. *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

12   delay or intentional interference with medical treatment or by the way in which medical care is

13   provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate

14   indifference, a prison official must both be aware of facts from which the inference could be

15   drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*

16   *v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces

17   "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures

18   to abate it." *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his

19   knowledge of a substantial risk of serious harm." *Id.* at 842.

20   This and other district courts in California have reviewed inmate complaints concerning

21   the same soap that is the subject of plaintiff's complaint.  They have determined that allegations

22   similar to those of plaintiff are not sufficient to state an Eighth Amendment claim.  *See, e.g.,*

23   *Parks v. Williams*, No. C-12-6140 EMC, 2013 U.S. Dist. LEXIS 58255, at *5-6 (N.D. Cal. Apr.

24   23, 2013) ("The fact that the soap was recalled due to trace amounts of a carcinogen does not

25   suggest a serious medical need for an inmate who had used it"); *Towler v. Cal. Dep't of Corr. &*

26   *Rehab.*, No. 2:12-cv-2607 KJN P, 2013 U.S. Dist. LEXIS 84483, at *3-4 (E.D. Cal. June 13,

27   2013) (denying motion for reconsideration of order dismissing action for failure to state a claim

28   because "no reasonable inference" could be drawn from Williams' declaration that a toxic

4

chemical was actually found during the 2007 testing of the soap). Indeed, plaintiff's allegations that the soap contained a "trace" amount of a toxic chemical are not sufficient to demonstrate that the soap posed an objective risk of serious harm to plaintiff's health or safety, or that any defendant knowingly disregarded an excessive risk of harm to plaintiff's health or safety. Therefore, the complaint fails to state a cognizable Eighth Amendment claim.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

**IV.    Requests for Injunctive Relief**

Plaintiff has filed a request for injunctive relief.  ECF No. 6.  As discussed above, plaintiff's complaint is dismissed.  Plaintiff's request for injunctive relief is therefore premature because there is no claim upon which relief could be granted and there are no defendants against whom this court could enter an order.  If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s).  Accordingly, plaintiff's requests for injunctive relief are denied as premature.

**V.    Conclusion**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's request for injunctive relief (ECF No. 6) is denied as premature.

Dated:  October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6