UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. WILLIAMS. | No. 2:13-cv-0974-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA PRISON INDUSTRY AUTHORITY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint which is now before the court for screening.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

1

plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.  Background**

The court reviewed plaintiff's initial complaint pursuant to § 1915A and concluded that it must be dismissed for failure to state a claim upon which relief may be granted. The initial complaint alleged that defendants were deliberately indifferent to plaintiff's health in violation of the Eighth Amendment by exposing him to state-issued soap that contained "a trace amount of a chemical" known to be toxic. ECF No. 1 at 5 (alleging that defendants recalled the soap in July of 2012). According to the allegations in the complaint, defendants "willfully turned a blind eye to the dangerous and unreasonable risk of serious harm" to plaintiff's health and safety "by not pulling the contaminated PIA soap" upon discovering it was harmful in 2007. *Id.* at 6; *see also id.*, Ex. B (plaintiff Mario Williams' declaration, stating that defendant Hart told him in 2007 that

2

the soap had been tested for the presence of a toxic chemical).  Plaintiff attributed "skin rashes, headaches, abdominal pain, blurred vision, abnormal blood counts, loss of weight, and ringing in the ears" to his use of the soap for three and half years.  *Id.* at 5.

In its initial screening order, the court informed plaintiff of the following standards governing Eighth Amendment claims:

> The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred.  The more basic the need, the shorter the time it can be withheld."  *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations omitted).
>
> Negligence does not amount to a violation of a federal constitutional or statutory right.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").
>
> To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842.

ECF No. 8 at 3-4.

The court also informed plaintiff that this and other district courts in California have reviewed inmate complaints concerning the same soap that is the subject of plaintiff's complaint:

> They have determined that allegations similar to those of plaintiff are not sufficient to state an Eighth Amendment claim. *See, e.g., Parks v. Williams*, No. C-12-6140 EMC, 2013 U.S. Dist. LEXIS 58255, at *5-6 (N.D. Cal. Apr. 23, 2013) ("The fact that the soap was recalled due to trace amounts of a carcinogen does not suggest a serious medical need for an inmate who had used it"); *Towler v. Cal. Dep't of Corr. & Rehab.*, No. 2:12-cv-2607 KJN P, 2013 U.S. Dist. LEXIS 84483, at *3-4 (E.D. Cal. June 13, 2013) (denying motion for reconsideration of order dismissing action for failure to state a claim because "no reasonable inference" could be drawn from Williams' declaration that a toxic chemical was actually found during the 2007 testing of the soap).

ECF No. 8 at 4-5. The court concluded that plaintiff's allegations that the soap contained a "trace" amount of a toxic chemical were not sufficient to demonstrate that the soap posed an objective risk of serious harm to plaintiff's health or safety, or that any defendant knowingly disregarded an excessive risk of harm to plaintiff's health or safety. The court dismissed the complaint with leave to amend.

Now pending is plaintiff's first amended complaint. ECF No. 11.

### III.   Screening Order

The allegations in the first amended complaint do not materially differ from those in the initial complaint. Plaintiff does, however, add a new allegation pertaining to defendant Tim Heart's deliberate indifference. Plaintiff states that he submitted an appeal asking defendant why he did not discontinue the soap in 2007, when he knew it contained a toxic chemical. According to plaintiff, defendant "started to laugh" and said "we were trying to kill you, and did not care about you, but now we care and that's why we are pulling the soap at this time." ECF No. 11 at 6-7. Plaintiff claims to have responded, "that's not funny." *Id.* at 7. Plaintiff's own allegations suggest that defendant Heart was making a joke, albeit, a joke that plaintiff did not find funny. This allegation does not plausibly demonstrate that defendant knowingly disregarded an excessive risk of harm to plaintiff's health or safety. *See Perez v. Cal. Dep't of Corr. & Rehab.*, No. 12-cv-2654-KJN, 2014 U.S. Dist. LEXIS 2749, at *5, 9 (E.D. Cal. Jan. 9, 2014) (no Eighth Amendment

1  claim, despite complaint's inclusion of declaration from inmate Williams, attesting to fact that
2  Heart "was trying to kill" him). Moreover, the complaint remains devoid of allegations
3  demonstrating that plaintiff's exposure to the "trace" amount of chemical in the soap exposed him
4  to a substantial risk of serious harm. Though plaintiff claims to have lost weight and experienced
5  ringing in his ears (among other symptoms) through his use of the soap, he does not plausibly
6  allege that it was the soap that caused him to so react. Like other courts in this district, the
7  undersigned concludes that the allegations are not sufficient to state an Eighth Amendment claim.
8  *See, e.g., Perez*, 2014 U.S. Dist. LEXIS 2749, at *7-9 (listing cases).

9  Despite notice and an opportunity to amend, plaintiff could not cure the pleading defects
10 in his first amended complaint, and further leave to amend would be futile. *See Gardner v.*
11 *Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir.
12 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely
13 clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation
14 marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court
15 should grant leave to amend even if no request to amend the pleading was made, unless it
16 determines that the pleading could not be cured by the allegation of other facts.").

17 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
18 leave to amend for failure to state a claim and the Clerk of the Court be directed to close the case.

19 These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties. Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
24 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
25 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
26 DATED: May 21, 2014.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5